1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    William Buford,                          No. CV-21-01784-PHX-DJH (ESW)

10                  Plaintiff,                 **ORDER**

11   v.

12   Unknown Nielson, et al.,

13                  Defendants.

14

15          This is a civil rights action brought by Plaintiff pursuant to 42 U.S.C. § 1983.

16   Pending before the Court are Plaintiff's Motion for Appointment of Counsel (Doc. 29) and

17   Motion to Request Leave of the Court to Engage in Discovery (Doc. 31).  Defendants have

18   responded (Docs. 34, 35) and the matter is now deemed submitted for decision.

19                                   **I. DISCUSSION**

20   **(a) Motion for Appointment of Counsel (Doc. 29)**

21          There is no constitutional right to the appointment of counsel in a civil case.  *See*

22   *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents*

23   *of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  In pro se and in forma pauperis

24   proceedings, district courts do not have the authority "to make coercive appointments of

25   counsel."  *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989).  District

26   courts, however, do have the discretion to request that an attorney represent an indigent

27   civil litigant upon a showing of "exceptional circumstances."  28 U.S.C. § 1915(e)(1);

28   *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell*

*v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).   A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved.  *Id.*  "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff's filings with the Court indicate that Plaintiff is capable of navigating this proceeding and presenting arguments to the Court.   The Court does not find that exceptional circumstances are present that would require the appointment of counsel in this case.  Plaintiff remains in a position no different than many pro se prisoner litigants.  The Court will deny Plaintiff's Motion for Appointment of Counsel (Doc. 29).

**(b) Motion to Request Leave of the Court to Engage in Discovery (Doc. 31)**

On April 19, 2022, the Court issued its Order setting forth scheduling deadlines for the parties' discovery (Doc. 28).  Implicit in the Order is permission to conduct discovery pursuant to the Federal Rules of Civil Procedure (Fed. R. Civ. P.) and Rules of Practice and Procedure of the U.S. District Court for the District of Arizona (LRCiv).  On March 30, 2022, Plaintiff filed Requests for Admission, Interrogatories, and Requests for Production of Documents (Doc. 25).  Because Plaintiff's filing of the actual discovery requests rather than a Notice of Service violated the Federal and Local Rules of Civil Procedure, the Court struck Plaintiff's filings (Doc. 33).   However, the Court further deemed the discovery requests to have been served on the Defendants effective March 30, 2022 (*Id*. at 2).  Therefore, the discovery requests have been allowed to proceed.  The Court will deny as moot Plaintiff's Motion to Request Leave of the Court to Engage in Discovery (Doc. 31).

## II. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** denying Plaintiff's Motion for Appointment of Counsel (Doc. 29).

1    **IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion to Request

2    Leave of the Court to Engage in Discovery (Doc. 31).

3    Dated this 12th day of May, 2022.

4

5

6    _____
     Honorable Eileen S. Willett

7    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28